**Dissenting Opinion Filed March 26, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00719-CV

## JOSE HERNANDEZ, Appellant
## V.
## SUN CRANE AND HOIST, INC.; JLB PARTNERS, L.P.; JLB BUILDERS, L.L.C.; AUGER DRILLING, INC.; AND D'AMBRA CONSTRUCTION CORPORATION, Appellees

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-00715-D**

## DISSENTING OPINION

Before the En Banc Court
Dissenting Opinion by Justice Whitehill

I agree with and join Justice Bridges's dissenting opinion. I write separately because the case was not enbancworthy in the first place.

### I. THE EN BANC CRITERIA

Rule 41.2(c) succinctly states Texas's judicial policy regarding en banc consideration: "[it] is not favored and should not be ordered unless necessary to secure or maintain uniformity of the court's decisions or unless extraordinary circumstances require en banc consideration." TEX. R. APP. P. 41.2(c).

Hernandez's motion doesn't mention the Rule 41.2(c) en banc standard, much less attempt to satisfy it. He argues only that the panel erred, and for support he relies on two unremarkable and highly distinguishable cases from sister courts. (Justice Bridges's dissent gives those two opinions, *Arredondo* and *Morales*, the attention they deserve.) Alleged conflicts with sister courts meet neither en banc criterion.

I agree with the majority that we are not bound by a movant's failure to address the Rule 41.2(c) criteria. But such a failure can be, and often is, a sign that the criteria are absent. And those criteria are absent in this dispute over whether a general contractor owed a legal duty to its independent subcontractor's injured employee.

The majority opinion posits that the panel opinion represented a "serious departure" from unspecified "precedent" governing review in no-evidence summary judgment appeals. But the majority identifies no conflict between the panel opinion's statement of the law and any prior precedent from this Court, nor does it contend that the panel opinion erroneously stated the applicable substantive law. Instead, the majority concludes that the panel erred by holding that Hernandez adduced no evidence of the essential element of duty. That is merely a disagreement over whether certain pieces of evidence raise a genuine issue of material fact—the very definition of error correction not rising to the level of extraordinary circumstances that would warrant en banc consideration.

Granting en banc reconsideration here for no apparent reason consistent with the en banc standard will encourage other litigants to file en banc motions in disregard of Rule 41.2(c) when they don't like panel opinions or the denial of their panel rehearing motions. *See Cruz v. Ghani*, No. 05-17-00566-CV, 2019 WL 3282963 (Tex. App.—Dallas July 22, 2019, pet. denied) (en banc). But setting pragmatic considerations aside, we should apply Rule 41.2(c) according to its plain language and deny Hernandez's en banc motion.

## II. CONCLUSION

Because we shouldn't have granted en banc reconsideration in this case, I respectfully dissent from the majority's contrary decision.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Bridges, Myers, Schenck, and Evans, JJ., join this dissenting opinion.

170719DF.P05